## No. 124

### C. C. C. & ST.·L. RY. CO. v. PUB. UTIL. COMM.

#### No. 19542. Supreme Court

Petition in error. Dock. Jan. 8, 1926; 4 Abs. 40.

**216. CERTIFICATE—Of public convenience and necessity,—railroad lines already operating.**

The petition in error filed by the Cleveland, Cincinnati, Chicago and St. Louis Railway Co., alleges that it is an Ohio corporation and that it owns and operates various lines of steam railroad through the state of Ohio; and that a certificate of public convenience and necessity to operate a bus line upon irregular routes in all sections by the state was granted by the Public Utilities Commission to the Buckeye Special Transit Co. against the protest of the Railway Company.

The Railway Company seeks the reversal of the order of the Commission on the ground that:

1. The Commission is without jurisdiction to consider the application of the Transit Company.

2. The finding of the Commission that there is a public convenience and necessity for the service of the Transit Company is not supported by the evidence, and such finding is unlawful.

Attorneys—C. P. Stewart and Wilson and Rector, for Railway; John W. Bricker, for Commission; all of Columbus.

---

## No. 125

### SMITH v. BENNETT

#### No. 19463. Supreme Court

On motion to certify. Dock. Dec. 9, 1925; 3 Abs. 763.

**1002. RECEIVERS—Is an attorney, employed by a receiver of an insolvent estate without authority of the court, who conducts litigation for the receiver and no fund is brought into the trust estate thereby, entitled to compensation from the insolvent estate, or must he look to the receiver personally for compensation; and has the court power to forfeit all compensation to the receiver to such attorney?**

In January, 1921 S. G. Smith was appointed receiver of the Lexi Coal Co. by the Perry Common Pleas, and he was thereupon authorized to operate the mines of said Company. Later, the property was sold and the proceeds were brought into court for distribution. The final report revealed that the receiver had paid himself $700 and had repaid himself $400 for money personally advanced to meet pay rolls.

During the receivership, the Ohio Consolidated Coal Co. without leave of Court, sued the receiver in the Franklin Common Pleas whereupon, the receiver without leave of court, employed Smith Bennett to represent him. The case was tried in the Franklin Common Pleas, in the Court of Appeals, and reached the Supreme Court on motion to certify, which motion was denied.

Thereupon, Bennett, failing to receive payment of his bill for services rendered, obtained leave from the Perry Common Pleas to file suit against Smith on this claim. Suit was filed in the Franklin Common Pleas and judgment for Bennett for $1795.36 rendered against Smith, which judgment was later affirmed by the Perry Court of Appeals.

After the rendition of judgment in the Common Pleas, Bennett filed exceptions in the Perry Common Pleas to the confirmation of the receiver's report. The court found in favor of Bennett and ordered Smith to pay him the two items retained by the receiver, to-wit the $700 for services and the $400 repaid for money advanced.

Smith, in the Supreme Court, contends:

1. That Bennett was not appointed counsel by the same court that appointed the receiver and that only that court could fix and allow his fees and make them a part of the court costs.

2. That he, as receiver, employed the defendant in error as counsel, without authority of court, and bringing no funds thereby to the trust estate, simply created a personal obligation to Bennett for his services, and the same are not chargeable to the trust estate under Thos, Admr. v. Moore, 52 OS. 201.

Attorneys—T. M. Potter, New Lexington, for Smith; Smith W. Bennett and Hugh Bennett, Columbus, for Bennett.